UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMEET SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>　　　　Respondents. | No. 1:25-cv-01657-JLT-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 11]**<br><br>**[FOURTEEN DAY DEADLINE]** |

Petitioner is a former immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 31, 2025, Respondent filed a motion to dismiss the petition as moot. (Doc. 11.) Respondent states Petitioner has been charged with a crime and remanded to the custody of the U.S. Marshal. For reasons discussed below, the Court recommends that the motion be GRANTED, and the petition be DISMISSED.

**DISCUSSION**

On November 26, 2025, Petitioner filed the instant petition challenging his indefinite detention by the Bureau of Immigration and Customs Enforcement ("ICE"). (Doc. 1.) On that same date, a criminal complaint was filed against Petitioner in United States v. Jasmeet Singh, 2:25-CR-0284-TLN-1, in the Eastern District of California. On December 2, 2025, Petitioner

1

1  made his initial appearance on the criminal complaint and was temporarily ordered detained. See
2  Singh, 2:25-cr-0284-TLN-1, Doc. 7. On December 9, 2025, a detention hearing was held, and
3  Petitioner was ordered detained. Id., Doc. 13. In the Order of Detention, the Petitioner was
4  remanded to the custody of the Attorney General and the United States Marshal. (Doc. 11-1 at 4.)
5        On December 18, 2025, Petitioner was indicted by a grand jury for the Interstate
6  Communication of Threats of Violence in violation of 18 U.S.C § 875(c). (Doc. 11-2.) That same
7  day, Petitioner was arraigned before Magistrate Judge Sean C. Riordan. Singh, 2:25-cr-0284-
8  TLN-1, Doc. 18.
9        The case or controversy requirement of Article III of the Federal Constitution deprives the
10 Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70
11 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A
12 case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
13 cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal
14 Court is "without power to decide questions that cannot affect the rights of the litigants before
15 them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins.
16 Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).
17       Here, Petitioner was remanded to the custody of the U.S. Marshal. He is no longer in ICE
18 custody. In addition, his claim of indefinite detention pending removal is now moot.

**RECOMMENDATION**

20       The Court HEREBY RECOMMENDS that Respondent's motion to dismiss be
21 GRANTED and the petition for writ of habeas corpus be DISMISSED.
22       This Findings and Recommendation is submitted to the United States District Court Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the
24 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
25 fourteen (14) days after being served with a copy of this Findings and Recommendation, a party
26 may file written objections with the Court and serve a copy on all parties. Id. The document
27 should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall
28 not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 21, 2026**                          /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE